## James A. Cummins, Administrator, Appellee. v. Sanitary District of Chicago, Appellant.

### Gen. No. 18,840. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed April 1, 1914. Rehearing denied April 16, 1914. *Certiorari* denied by Supreme Court (making opinion final.)

### Statement of the Case.

Action by James A. Cummins, administrator of the estate of Francis Mulvihill, deceased, against the Sanitary district of Chicago and the Commonwealth Edison Company to recover damages for wrongfully causing the death of plaintiff's intestate. The facts show that the Sanitary District was excavating a ditch in a street near a wooden pole supporting electric wires

and belonging to the Commonwealth Edison Company, that the pole needed bracing and that the deceased, an employe of the Sanitary District, was ordered to climb the pole to spike a timber to the post, and while doing so he came in contact with a grounded iron pipe and was electrocuted. Plaintiff recovered a verdict and judgment against the Sanitary District for $8,000. The defendant Commonwealth Edison Company was found not guilty. From the judgment, the Sanitary District appeals.

ROBERT J. FOLONIE, for appellant; RALPH F. POTTER, of counsel.

QUIN O'BRIEN and O. A. ARNSTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 191*—when duty of master to warn servant. In an action for wrongful death of a servant resulting from ordering the servant to climb an electric light pole for the purpose of spiking a brace to the same, held that the master was chargeable with knowledge of the defective and dangerous condition of the cut-out box and that it was incumbent upon it to warn the deceased of such defect and danger, it appearing that deceased was merely a common laborer unfamiliar with the special hazards incident to the place he was directed to work.

2. MASTER AND SERVANT, § 126*—duty to furnish safe place to work. In an action for wrongful death of a servant, held the fact that the work was performed on the premises of another did not relieve the master of the obligation to inspect nor of his duty to furnish a safe place to work.

3. MASTER AND SERVANT, § 777*—when refusal of requested instruction proper. In an action for wrongful death of a servant, an instruction requested by defendant held properly refused, for the reason that it wholly ignored the duty of the defendant to warn deceased of the dangers incident to the place he was directed to work, and also for the reason that it singled out a particular fact in the

case and directed the jury as a matter of law that such fact did not warrant a recovery.

4. NEGLIGENCE, § 49*—*proximate cause.* The rule that to constitute proximate cause it must appear that the injury complained of was the natural and probable result of the negligence charged does not necessarily mean that the person guilty of a negligent act or omission might have foreseen the precise form of the injury    .

5. DEATH, § 67*—*when verdict for $8,000 not excessive.* A verdict for $8,000 *held* not excessive for wrongful death of a person thirty years old, leaving a widow and child surviving, it appearing that he was a healthly and industrious worker of good habits and was earning $1.80 to $2.00 a day and had previously earned $18 a week doing plumbing work.

6. APPEAL AND ERROR, § 1256*—*when appellant cannot urge errors in instruction requested by coparty.* In an action against two defendants where plaintiff properly recovered a judgment against one, errors in instructions given at the request of the other defendant in a contest to shift liability, *held* not chargeable to the plaintiff.

7. APPEAL AND ERROR, § 1214*—*effect of errors in rulings between coparties.* Ordinarily, where a plaintiff properly recovers a judgment against one of two defendants, he is not concerned in the question whether or not the court erred in its rulings between the two defendants.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.